IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

      Petitioner,               No. CIV-08-2531 KJM P

  vs.

I.H. SOLIMAN, et al.,

      Respondents.           ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. He has consented to the magistrate judge's jurisdiction.

      Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

      Petitioner has failed to specify the grounds for relief in his petition. Rule 2(c)(2) of the Rules Governing § 2254 Cases requires that a petition state the facts supporting each ground alleged as the basis of habeas relief. The petition does not contain sufficient information to apprise the court or the putative respondent of the factual basis of petitioner's claims. Petitioner will therefore be afforded the opportunity to submit an amended petition that states the facts of his claims in greater detail.

1

1     Rule 2(a) states that "[i]f the petitioner is currently in custody under a state court
2 judgment, the petition must name as respondent the state officer who has custody." Typically,
3 the state officer who has custody is the warden of the facility where the petitioner is incarcerated.
4 See Ortiz-Sandoval v. Gomez, 81 F.3d 891 (9th Cir. 1996). Although the original petition names
5 three individuals as respondents, it is not clear that any of them is the proper respondent in this
6 case. One of them, U.S. Magistrate Judge Dale Drozd, is clearly not the proper respondent.
7 Failure to name the correct respondent deprives the court of personal jurisdiction to hear a
8 habeas petition. See id. If petitioner files an amended petition, therefore, it should name the
9 state official with custody over him as a respondent.

10    Finally, petitioner has failed to clarify whether he has brought his claims before
11 the California Supreme Court prior to instituting this action. The exhaustion of available state
12 remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus
13 proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner
14 satisfies the exhaustion requirement by providing the highest state court with a full and fair
15 opportunity to consider all claims before presenting them to the federal court. Picard v. Connor,
16 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478
17 U.S. 1021 (1986). Failure to exhaust state remedies is ground for dismissal of a federal habeas
18 petition without prejudice. If petitioner files an amended petition, it should contain a statement
19 of exhaustion in the space provided on the court's form application for a writ of habeas corpus.

20    Therefore, IT IS HEREBY ORDERED that:

21    1. Petitioner is granted leave to proceed in forma pauperis;

22    2. Petitioner's application for writ of habeas corpus is dismissed with leave to
23 amend within thirty days from the date of this order;

24    3. Any amended petition must bear the case number assigned to this action and
25 the title "Amended Petition"; and

26 /////

1  4. The Clerk of the Court is directed to send petitioner the court's form
2  application for a writ of habeas corpus.
3  DATED: April 23, 2010.

_____
U.S. MAGISTRATE JUDGE

4
winf2531.114

3