IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Petitioner,                    No. CIV-08-2531 KJM P

    vs.

I.H. SOLIMAN, et al.,

    Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to magistrate judge jurisdiction.

        On April 23, 2010, the court dismissed the petition because it failed to specify the alleged grounds for habeas relief and thus did not apprise the court or respondent of the factual bases of petitioner's claims. See Order at 1 (docket no. 10). The court granted petitioner leave to file an amended petition and directed the Clerk of Court to send petitioner a copy of the habeas form used by this court. Id. at 2. The court also informed petitioner that he must designate his actual custodian as respondent to the petition and must state whether he previously brought his claims before the California Supreme Court. Id.

        Despite being provided a new form on which to state the factual grounds for his claims, petitioner has neither utilized the form nor adequately stated the factual background of

1

his claims.  Instead he has written a very short description of two claims on four blank sheets of paper.  See First Am. Pet. (docket no. 13).  This submission still does not contain enough factual specificity to apprise either the court or any putative respondent of the facts that would warrant habeas relief in this case.  In fact, contrary to the court's previous instruction, the amended petition names no custodian or proper respondent at all.  It also does not comply with the court's admonition that petitioner state whether he has already brought his claims before the California Supreme Court, as required under 28 U.S.C. § 2254.

The court requires all petitions for writ of habeas corpus be filed on the proper form, which is provided by this court.  This is not an over-technical or merely formal requirement.  The form explicitly directs a petitioner to provide the information necessary to plead a habeas claim adequately and in compliance with the procedural requirements of 28 U.S.C. § 2254 – i.e., the very information petitioner failed to provide despite the court's instructions in its previous order and its provision of the form to petitioner.  It is therefore in the petitioner's best interest to complete the form as thoroughly as possible.

Petitioner will be afforded a final opportunity to submit a petition on the form utilized by this court.  Failure to provide the court with all necessary information will result in dismissal of the petition.  Furthermore, although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims, and must provide the court with all necessary information.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's first amended petition for writ of habeas corpus (docket no. 13) is dismissed with leave to amend within thirty days from the date of this order;

2. Any amended petition must be filed on the form employed by this court, which must be completed fully, and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Second Amended Petition"; and

1    3. The Clerk of the Court is directed to send petitioner the form for habeas corpus
2 application.
3 DATED: June 10, 2010.

_____
U.S. MAGISTRATE JUDGE

4
winf2531.115